S. Samuel Di Falco, S.
When the will of deceased was admitted to probate, there was reserved for later determination the question of the appointment of the fiduciary in accordance with the directions of the testator. The problem arises by reason of the fact that the deceased’s widow survived him for a period of only 41 days, although their deaths were not attributable to a common cause or a single disaster. Nevertheless the respondent insists that because of the closeness of the deaths in point of time, paragraph fourth of the will becomes operative to void a gift of the entire residuary estate to the widow and makes effective an alternative gift of the property to the testator’s three sisters, one of whom is named as executrix in the event the widow did not qualify for the bequest.
Paragraphs fourth and fifth of the will here follow:
“ Fourth: In the event that my said wife, Agnes M. Brew, should predecease me or that she and I should die together or die as the result of a common disaster, even if it is positively proven that my said wife survives me, yet if her death follows mine so closely that she does not have the actual use and benefit of the bequests and devises to her made in this, my Last Will and Testament, then it shall be considered that my said wife died first and I survived her and in such event I give, devise and bequeath all of the rest, residue and remainder of my estate, *141 real, personal and/or mixed, of whatsoever kind and nature and wheresoever the same may be situate, including that which might have been bequeathed and devised to me by my beloved wife, Agnes M. Brew, in three (3) equal parts to my sisters, Elizabeth More, Josephine Heitman and Minnie Ridgeway.
"Fifth: In the event of the happening of any of the contingencies set forth in paragraph numbered “ Fourth ” of this, my Last Will and Testament, I hereby nominate, constitute and appoint my sister, Elizabeth More, Executrix of this, my Last Will and Testament, without bond, any law of any State to the contrary notwithstanding. ’ ’
The executors named in Mrs. Brew’s will have qualified in New Jersey, in which State she was domiciled at the time of her death. As petitioners here, they seek their appointment as administrators, c. t. a. of Mr. Brew’s will. They ground their argument in-support of their claim that they are entitled to the appointment upon the theory that the words ‘ ‘ yet if her death follows mine so closely that she does not have the actual use and benefit of the bequests and devises to her made ” qualifies the common disaster clause which it immediately follows. The sisters insist, on the other hand, that this language connotes a condition wholly separate from the common disaster or simultaneous death provision.
It is the view of the court that Mrs. Brew’s executors are correct in their analysis of the language employed by the testator. The qualifying phrase which gives rise to the question in dispute is so closely interrelated to the common disaster text of which it forms an integrated part that it is impossible to disassociate the phrase from its context. The court reads the provision not as providing for a contingency wholly separate from the common death situation but one intimately attached to it.
The citation of authorities in a situation such as this is a work of idleness. Analysis of other testamentary instruments provides no assistance in the interpretation of this will. The task of construction is confined to defining the meaning of the words used by this testator. In this connection, the word “yet” is of the utmost significance, for in the sense in which it is here used, it carries the thought back to the text immediately preceding its own position. Plainly this defeats the idea that the testator had in mind an additional contingency against which he was attempting to provide.
Under the circumstances disclosed and upon the concession that the death of Mrs. Brew could not be regarded as the *142 result of a common disaster or as having taken place simultaneously with that of her husband, it becomes apparent that the gift of the residuary estate to the widow was perfected and the conditional bequest defeated. The application for the issuance of letters of administration c. t. a. to the petitioners is therefore granted. In this posture, the court is not required to determine whether Mrs. Brew did in fact fail to enjoy the use of her husband’s property during the 41 days following upon his death.
Submit decree on notice.